IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SYMANTHA REED, CHARLES GOETZ, JAMES SPAULDING, WENDY WHARTON, GARY CRAWFORD, ROBBIE JOHNSON<br><br>Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC., a corporation,<br><br>Defendant. | CIVIL ACTION NO: _____ |

## NOTICE OF REMOVAL

Defendant Tyson Food, Inc. ("Tyson Foods"), through counsel, files this notice of its removal of this action to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, and 1446, and states as follows:

1. On October 19, 2023, Plaintiffs Symantha Reed, Charles Goetz, James Spaulding, Wendy Wharton, Gary Crawford, and Robbie Johnson filed a complaint in the Chancery Court for Coffee County, Tennessee, naming Tyson Foods as the sole defendant. The original action is identified as Case No. 23CV-396.

2. On October 26, 2023, Tyson Foods was served with the complaint (Exhibit 1) and the summons (Exhibit 2). A return of service was filed on November 16, 2023 (Exhibit 3). The complaint, summons, and return of service constitute the entire state court record to date.

   **A. Removal Is Proper Under 28 U.S.C. § 1331.**

3. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

. . . to the district court of the United States for the district and division embracing the place where such action is pending."

4. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. Plaintiffs have asserted two federal claims alleging employment discrimination, one arising under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the other arising under the Americans with Disabilities Act, 42 U.S.C. § 12010 *et seq.* ("ADA"). (Ex. 1 at ¶¶ 75-90, 106-116).

6. This district and division of this Court embraces the Chancery Court for Coffee County, Tennessee.

7. Consequently, removal is proper under 28 U.S.C. § 1331.

### B. Removal Is Also Proper Under 28 U.S.C. § 1332.

8. In addition, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

9. Plaintiffs are citizens of Tennessee. (Ex. 1 at ¶¶ 8-13).

10. Tyson Foods is a Delaware corporation with its principal place of business in Springdale, Arkansas. (Exhibit 4, Declaration of J. Gregory Grisham at ¶ 3, Attachment A). Thus, it is a citizen of those two states, not Tennessee. *See* 28 U.S.C. § 1332(c)(1).

11. Plaintiffs allege, among other things, that "Tyson Foods' failure to provide religious accommodations has injured and will continue to injure Plaintiffs by discriminatorily denying them employment and income." (Exhibit 1, at ¶84). Plaintiffs' complaint requests injunctive and declaratory relief related to Tyson Foods' COVID-19 vaccination mandate for

alleged violations of Title VII, the ADA, the Tennessee Human Rights Act ("THRA") and the Tennessee Disability Act ("TDA"). (Ex. 1 at Prayer for Relief ¶¶ a-b). The complaint also requests "[a]n order that Plaintiffs be compensated, to the extent allowable under Tennessee state and Federal law, for their monetary damages." *Id.* at ¶ c.

12. Under Title VII and the ADA, a successful plaintiff can recover backpay, front-pay (if reinstatement is infeasible), compensatory and punitive damages up to a statutory cap of $300,000 for employers with more than 500 employees, and reasonable attorneys' fees. *See* 42 U.S.C. § 1981a; *Shore v. Federal Exp. Corp.*, 777 F.2d 1155, 1159 (6th Cir. 1985).

13. Under both the THRA and TDA, in addition to attorneys' fees, back pay, front pay and compensatory damages, emotional distress damages are available. *See* Tenn. Code Ann. §§ 4-21-306, 311; *id.* § 8-50-103(c)(2).

14. When the amount of damages asserted by a plaintiff is unspecified, the Sixth Circuit requires that the defendant establish, by a preponderance of evidence, that a plaintiff's claims meet the amount-in controversy requirement. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds in Hertz Corp. v. Friend*, 559 U.S. 77, 1029 (2010).

15. However, "'the preponderance of the evidence standard does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Smith v. Interstate Brands Corp.*, No. 07-2640 B, 2008 WL 11318301, at *2 (W.D. Tenn. May 1, 2008) (quoting *Gafford*, 997 F. 2d at 158).

16. In an action arising out of the same event and brought by most of the same Plaintiffs,[1] Plaintiffs Symantha Reed, Charles Goetz, James Spaulding, and Wendy Wharton,

---

[1] Plaintiffs Reed, Goetz, Spaulding, and Wharton have a pending lawsuit in the Western District of Tennessee, Eastern Division. Reed, et al v. Tyson Foods, Inc., Case No. 1:21-cv-01155-STA-jay ("Reed Case"). Plaintiff Crawford was a Plaintiff in the Reed Case, but his claims have been

3

served verified Interrogatory Answers indicating they are seeking lost wages at least in the following amounts:

    a. Symantha Reed, $1,081,600[2];

    b. Charles Goetz, $2,040,000[3];

    c. James Spaulding, $1,200,000[4]; and

    d. Wendy Wharton, $600,000.[5]

17. The Complaint alleges that the complained of actions occurred between August 3, 2021, and November 1, 2021 (Ex. 1, at ¶¶ 2-3, 26, 34-36).

18. Because Plaintiffs are each alleging that Tyson Foods' violated Title VII, the ADA, the THRA and the TDA, and "to the extent allowable under Tennessee state and Federal law, for their monetary damages seeking to be compensated for their monetary damages" potential backpay, with the availability of compensatory damages under the THRA and TDA and the availability of compensatory and punitive damages for violation of Title VII and the ADA up to the statutory cap of $300,000, and the lost wages requested by Plaintiffs Reed's, Goetz, Spaulding, and Wharton in the cumulative amount of $4,921,000, the amount in controversy exceeds $75,000. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, (6th Cir. 2000) (finding amount in controversy requirement was met for removal under 28 U.S.C.§ 1332 where defendant, among other things, relied on "plaintiff['s] sworn responses to discovery requests stating that her amount of damages

---

dismissed. Plaintiff Johnson also filed a lawsuit that was removed to the Western District of Tennessee, Eastern Division. Johnson v. Tyson Foods, Inc. and Ronda Gooch, Case No. 1:21-cv-01161-STA-jay ("Johnson Case"). The district court dismissed all of Johnson's claims and the case is on appeal at the Sixth Circuit. Case No. 23-5643.
[2] Reed Response to Interrogatory No. 2, attached as Exhibit 5.
[3] Goetz Response to Interrogatory No. 2, attached as Exhibit 6.
[4] Spaulding Response to Interrogatory No. 2, attached as Exhibit 7.
[5] Wharton Response to Interrogatory No. 2, attached as Exhibit 8.

exceeded $447,000"); *see also Albury v. Daymar Colleges Grp., LLC*, No. 3:11-CV-573, 2012 WL 524480, at *3 (W.D. Ky. Feb. 15, 2012) (defendants proved jurisdictional amount when class of plaintiffs sought *inter alia* lost income opportunities, injunctive relief, and attorneys' fees); *Smith,* 2008 WL 11318301 at *2 (defendant's calculation of plaintiff's hourly wages from the time of termination to the following year and annual benefits for which plaintiff was eligible, including the other types of relief sought by plaintiff more likely than not exceeded $75,000); *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571 (6th Cir. 2001), *reh'g denied* (Oct. 19, 2001) (a defendant may meet its burden by relying on "extensive" relief sought by a plaintiff in the complaint. It need not "research, state and prove the plaintiff's claim for damages"); *Walker v. Metal Mgmt., Inc.*, No. 05-2780 M1/P, 2006 WL 120169, at *2 (W.D. Tenn. Jan. 17, 2006) (defendant met its burden where plaintiff sought a "variety of forms of unspecified and open-ended relief, including punitive damages and attorney's fees, both of which are or, in the case of attorney's fees, may be considered in the amount-in-controversy determination).[6]

### C. Federal Officer Removal Is Also Proper Under 28 U.S.C. § 1442(a)(1).

19. While removal under 28 U.S.C. §§ 1331 and/or 1332 is sufficient to remove this matter to this Court, removal is also proper pursuant to federal officer removal, 28 U.S.C. § 1442(a)(1).

20. Under 28 U.S.C. § 1442(a)(1), a civil action may be removed to federal court if the action is asserted against a person acting under the direction of a federal officer:

> A civil action . . . that is against or directed to any of the following may be removed . . . :

---

[6] Although the jurisdiction of the federal court is examined at the time of removal, *Rogers, Inc.*, 230 F.3d at 871, future compensation is included in the total amount in controversy, *cf. Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (including statutorily authorized attorneys' fees in amount in controversy); *Naji v. Lincoln,* 665 F. App'x 397, 401–02 (6th Cir. 2016).

5

> (1) The United States or any agency thereof or any officer (*or any person acting under that officer*) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.

28 U.S.C. § 1442(a)(1) (emphasis added).

21. "Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) (quoting *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 466 (3d Cir. 2015), *amended* (June 16, 2015)).

22. Federal officer removal is proper because: (1) Tyson Foods is a "person" within the meaning of the statute who "acted under the direction of a federal officer"; (2) Tyson Foods' actions were for or related to acts performed under color of federal office; and (3) Tyson Foods raises a colorable federal defense. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010).

23. On April 28, 2020, President Donald J. Trump issued an executive order expressly invoking his authority under the Defense Production Act ("DPA"), which instructed Tyson Foods and other meat and poultry processing companies to stay open and continue operations, subject to the supervision of the Secretary of Agriculture. *Food Supply Chain Resources*, 85 Fed. Reg. at 26,313, 2020 WL 2060381, at *1. The executive order states in relevant part:

> It is important that processors of beef, pork, and poultry ("meat and poultry") in the food supply chain **continue operating and fulfilling orders** to ensure a continued supply of protein for Americans.… [R]ecent actions in some States have led to the complete closure of some large processing facilities.
>
> * * *
>
> Such closures threaten the continued functioning of the national meat and poultry supply chain, undermining critical infrastructure during the national emergency.
>
> * * *

> [T]he Secretary of Agriculture shall take all appropriate action … to **ensure that meat and poultry processors continue operations** consistent with the guidance for their operations jointly issued by the CDC and OSHA.

*Id.* (emphasis added).

24. On May 18, 2020, the U.S. Food and Drug Administration ("FDA") and the U.S. Department of Agriculture ("USDA") entered into a Memorandum of Understanding setting forth the respective roles of each agency in utilizing the DPA to regulate food producers during the COVID-19 pandemic, which reiterated that "actions by States or localities could lead to the closure of food resource facilities"; such closures "could threaten the continued functioning of the national food supply chain, undermining critical infrastructure during the national emergency"; and the Department of Agriculture retained "*exclusive delegated authority*" under the DPA to issue orders regarding domestic food producers.[7]

25. The Centers for Disease Control's ("CDC") COVID-19 Workplace Guidance states that vaccination keeps the workforce healthy by preventing employees from getting COVID-19, reduces absences due to illness, improves productivity and improves morale. The CDC also states that vaccination is the best way to maximize protection from the Delta variant, illness, hospitalization, and death.[8]

26. On August 13, 2021, the Occupational Safety and Health Administration ("OSHA") updated its *Guidance on Mitigating and Preventing the Spread of COVID-19 in the Workplace*.[9] In that guidance, OSHA stated that "vaccination is the key element in a multi-layered

---

[7] https://www.usda.gov/sites/default/files/documents/mou-between-fda-usda-dpa.pdf (emphasis added).
[8] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/essentialworker/workplace-vaccination-program.html
[9] https://www.osha.gov/coronavirus/safework

7

FP 48726412.4

Case 4:23-cv-00051   Document 1   Filed 11/22/23   Page 7 of 11   PageID #: 7

approach to protect workers," and that vaccines authorized by the U.S. Food and Drug Administration are highly effective at protecting vaccinated people against symptomatic and severe COVID-19 illness and death. According to the CDC, a growing body of evidence suggests that fully vaccinated people are less likely to have symptomatic infection or transmit the virus to others." *Id.*

27. In that same guidance, OSHA designated "meat, seafood, and poultry processing settings" as "high-risk" workplaces for unvaccinated and otherwise at-risk workers, which requires that extra precautions be taken to mitigate the spread of COVD-19 including spacing workers at least six-feet apart ("physical distancing") and enacting physical barriers to block any face-to-face pathways in the facility. *Id.*

28. Based on the foregoing, Tyson Foods was operating its facilities pursuant to the *Food Supply Chain Resources* Executive Order relating to the DPA, as well as the Secretary of Agriculture's related orders. As such, Tyson Foods was "acting under the direction of a federal officer," 28 U.S.C. § 1442(a)(1) and "helping the Government to produce an item that it needs" for the national defense under the DPA. *Watson* v. *Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007). Tyson Foods is also acting under the direct supervision of the Secretary of Agriculture who was delegated power by the President to "take all appropriate action . . . to ensure that meat and poultry processors continue operations consistent with the guidance for their operations jointly issued by the CDC and OSHA." 85 Fed. Reg. at 26,313, 2020 WL 2060381, at *1.

29. Tyson Foods' vaccine mandate, which is consistent with CDC and OSHA guidance to mitigate the spread of COVID-19 in the workplace and to prevent the slowing or ceasing of operations at Tyson Foods' facilities, was enacted under color of the President's Executive Order, the DPA, and the power delegated by the President to the Secretary of Agriculture.

30. Tyson Foods has colorable federal defenses to the claims in the complaint including preemption under the DPA, the aforementioned Executive Order and the Poultry Products Inspection Act ("PPIA"), 28 U.S.C. § 467e.

31. The District Judge in the Reed and Johnson cases found removal was proper under 28 U.S.C. § 1442(a)(1) based on the same underlying factual allegations made in the present case. *Reed v. Tyson Foods, Inc.*, 2021 WL 5107725 at *7 (W.D. Tenn. Nov. 3. 2021); *Johnson v. Tyson Foods, Inc.*, 2021 WL 5107723 at * 7 (W.D. Tenn. Nov. 3. 2021).

32. This Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 since Plaintiffs' state law claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

33. 28 U.S.C. § 1441(a) provides that removal is proper "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

34. This Court is the United States District Court for the district and division in which the above-referenced state court action is pending, and therefore is the appropriate venue for the purpose of removing this action. *See id.* [10]

35. Section 1446 outlines the procedural requirements applicable to the removal of civil actions. A removing defendant must (1) file a "copy of all process, pleadings, and orders served upon such defendant . . . in such action" with the notice of removal within thirty (30) days after receipt of the initial pleading or the service of the summons upon the defendant and (2) provide

---

[10] As noted *supra*, the Reed Case remains pending in the Western District of Tennessee.

written notice of the filing of the notice of removal to all adverse parties and file a copy of the notice with the clerk of the State Court. 28 U.S.C. § 1446(a), (b)(1), (d).

36. In accordance with 28 U.S.C. § 1446(a), attached to this notice is a copy of the complaint, the summons, and return of service. (*See* Ex. 1, Ex. 2, & Ex. 3).

37. This notice has been timely filed within 30 days after service of the summons and complaint on Tyson Foods.

38. Finally, after filing this notice of removal, Tyson Foods will promptly serve written notice of this notice of removal on Plaintiffs and file the same with the Clerk of the Chancery Court of Coffee County, in accordance with 28 U.S.C. § 1446(d).

Dated this the 22nd day of November 2023.

          Respectfully submitted,

          **FISHER & PHILLIPS LLP**

By: */s J. Gregory Grisham*
J. Gregory Grisham (TN BPR#013810)
1715 Aaron Brenner Drive Suite 312
Memphis, Tennessee 38120
Telephone: (901) 526-0431
Facsimile: (901) 526-8183
Email: ggrisham@fisherphillips.com

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I, J. Gregory Grisham, hereby certify that on this, the 22nd day of November 2023, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF system. I further certify that a true and authentic copy of the foregoing was also served upon Plaintiffs' counsel via electronic mail and U.S. Mail, addressed as follows:

Derek A. Jordan
The Law Firm, PLLC
111 NW Atlantic Street
Tullahoma, TN 37388
derek@thefirm.law

Robert E. Barnes
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
robertbarnes@barneslawllp.com

*Counsel for Plaintiffs*

/s J. Gregory Grisham
J. Gregory Grisham