# Exhibit 6

Robert E. Barnes
Tennessee BPR No. 020617 (*pro hac vice*)
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
Email: robertbarnes@barneslawllp.com
Tel: (310) 510-6211

Attorneys for Plaintiffs Symantha Reed, Charles Goetz, James Spaulding, Gary Crawford and Wendy Wharton.

# IN THE UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TENNESSEE (Jackson)

| | |
|---|---|
| Symantha Reed, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Tyson Foods, Inc.,<br><br>　　　　Defendant. | **No.: 1:21-cv-01155-STA**<br><br>**PLAINTIFF CHARLES GOETZ' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES.** |

Pursuant to Rule[1] 33(b), Plaintiff Charles Goetz ("Plaintiff" or "Responding Party") responds to the First Set of Interrogatories by Defendant Tyson Foods, Inc. ("Tyson" or "Propounding Party") as follows.

///

///

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

Case No. 21-1155
Plaintiff Charles Goetz' Responses to Defendant First Set of Interrogatories
Case 1:23-cv-00051 Document 16 Filed 11/22/23 Page 2 of 9   PageID #: 60

## OBJECTIONS TO ALL INTERROGATORIES

Responding Party has not yet fully completed investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based only upon such information that is presently available to and reasonably and specifically known to this Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will likely supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses herein.

The responses contained herein are made in a good faith effort to supply as much information as is presently known by Responding Party based on personal knowledge, and is in no way to be to the prejudice of Responding Party in relation to further discovery, research, or analysis. Responding Party expressly objects to the instructions that accompany the interrogatories propounded by the Propounding Party to the extent those instructions are inconsistent with the requirements of the Rules and/or applicable case law, and the responses by Responding Party reject and will disregard any such instructions. The responses to the individual interrogatories herein are made subject to these general objections, and in no manner constitute a waiver of said objections.

///

///

## RESPONSES TO INTERROGATORIES

**No. 1:** Identify each person who has knowledge or information, firsthand or otherwise, regarding the facts and circumstances upon which you base the allegations and claims made within the Amended Verified Complaint or the answers given in response to the following Interrogatories, and for each such person listed identified provide a brief description of the facts and circumstances known by that individual.

**Response to No. 1:** All Tyson upper management and shift managers have knowledge or information regarding the facts and circumstances upon which the allegations and claims made within the Amended Verified Complaint or the answers given in response to the subject interrogatories are based. Responding Party is unaware of the names, title, or contact information of all of them. Persons whose names and titles that Responding Party is aware of in response to this interrogatory are as follows: Sandy Luck (Chief Medical Officer), Tiffany Cathy (HR Manager), Jeff Tucker (HR Manager), Brandon Rodgers (HR Manager), Jimmy Rowland, Rob Muse, Johnny Matheny, Terry Cantrell, Steven McCalister, Jason Kimble, Ben Brown, Carl Lattus, Scotty Mealer, Bobby Baker, Brandon Ryan, Chris Bing, Jimmy Riley, Kenny Boyd, and Michael Bryant.

**No. 2:** Identify with specificity and particularity all monetary or non-monetary damages or relief that you seek from the Defendant in this action. For each item of damage, state separately the factual basis supporting each request, the dollar amount of damages sought, and precisely how.

**Response to No. 2:** Objection – This interrogatory attempts to circumvent Rule 33(a)(1) limitation of 25 interrogatories absent leave of court, by making four separate and distinct interrogatories purportedly under one. Namely, this interrogatory demands Responding Party to "Identify with specificity and particularity all monetary or non-monetary damages or relief …". This interrogatory then goes on to demand Responding Party to separately state the factual basis, dollar amount and "precisely how" each identified item of damages was calculated.

Objection – The terms "specificity", "particularity" and "precisely" are vague and ambiguous and not specially defined in Propounding Party's interrogatories. As stated in Responding Party's "OBJECTIONS TO ALL INTERROGATORIES" section above, Responding Party expressly objects to any and all interrogatories to the extent they demand a response over and above, and/or inconsistent with the requirements of the Rules and/or applicable case law.

Subject to and without waiving said objection(s), Responding Party responds that damages sought include declaratory relief that Tyson has violated the Constitutional rights of Plaintiffs, that Tyson discriminated against the plaintiffs in violation of their state and constitutional rights; injunctive relief enjoining Tyson from taking adverse employment action against the plaintiffs; and an order that the plaintiffs be compensated to the extent allowable under Tennessee state and Federal law for their monetary damages. See further the Amended Verified Complaint filed in this action on November 18, 2021 (ECF No. 21). Additionally, Responding Party's monetary damages include no less than $2,040,000, representing Responding Party's best estimate of unpaid wages as of November 1, 2021.

- 3 -

Case No. 21-1155
Plaintiff Charles Goetz's Responses to Defendant's First Set of Interrogatories
Case 4:23-cv-00051   Document 1-6   Filed 11/22/23   Page 5 of 9   PageID #: 63

Said monetary damages amount is calculated by Responding Party's annual wages of $102,000 at the time employment was terminated by Tyson, multiplied by 20 years that Responding Party would have worked at Tyson before retirement. Responding Party's monetary damages total is upwards of $2,040,000 because Responding Party reasonably anticipated wage increases for Responding Party's ongoing employment at Tyson.

**No. 3:** Identify any and all expert witnesses or firms that you or your representative retained to testify at trial and, with regard to those experts, identify: the full name and address of the expert witness and the witness's employer or any organizations with which the witness is associated in a professional capacity; the field in which the witness is to be offered as an expert and a summary of the witness's qualifications within the field in which the witness is expected to testify; the subject matter on which the expert is expected to testify; and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**Response to No. 3:** Objection – This interrogatory attempts to circumvent the Federal Rules relating to disclosure and discovery of party experts, the deadlines of which have nearly all long passed, by attempting to get Responding Party to disclose detailed expert information through the medium of interrogatories.

Objection – The information regarding experts demanded by this interrogatory is protected against disclosure by attorney-client privilege and attorney work product.

- 4 -
Case No. 21-1155
Plaintiff Charles Goetz's Responses to Defendant's First Set of Interrogatories
Case 4:23-cv-00051   Document 1-6   Filed 11/22/23   Page 6 of 9   PageID #: 64

## VERIFICATION

STATE OF __TENNESSEE__

COUNTY OF __OBION__

I, CHARLES GOETZ, after being duly sworn, state that I am a Plaintiff in this action and that the foregoing answers to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

_____
CHARLES GOETZ

Sworn to and subscribed before me, on this __25th__ day of __August__, 2023.

_____
NOTARY PUBLIC

My Commission Expires: _____

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE (Jackson)

| | |
|---|---|
| Symantha Reed, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>Tyson Foods, Inc.,<br><br>        Defendant. | No.: 1:21-cv-01155-STA<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, Robert Holzinger, am a citizen of the United States and am at least 18 years of age. My business address is 700 South Flower Street, Suite 1000, Los Angeles, California 90017.

I am not a party to the above titled action. I have caused service of "**PLAINTIFF CHARLES GOETZ' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**" on the following party(ies) by U.S. mail with courtesy electronic email transmission to the following party(ies):

J. Gregory Grisham
FISHER & PHILLIPS, LLP
1715 Aaron Brenner Drive
Suite 312
Memphis, TN 38120
Email: ggrisham@fisherphillips.com
Attorneys for Defendant

Robert W. Wilson
OFFICE OF THE TENNESSEE ATTORNEY GENERAL
40 South Main Street, Suite 1014
Memphis, TN 38103-1877
Email: robert.wilson@ag.tn.gov
Attorneys for Intervenor State of Tennessee

///

///

Shanell Lanette Tyler
TENNESSEE ATTORNEY GENERAL'S OFFICE
315 Deaderick Street
Nashville, TN 38119
Email: shanelltyler@ag.tn.gov
Attorneys for Intervenor State of Tennessee

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2023.

/s/ Robert Holzinger

Certificate Of Service