IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SYMANTHA REED, CHARLES GOETZ, JAMES SPAULDING, WENDY WHARTON, GARY CRAWFORD, ROBBIE JOHNSON<br><br>    Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC., a corporation,<br><br>    Defendant. | CIVIL ACTION NO: 4:23-cv-00051 |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Defendant Tyson Foods, Inc. ("Defendant" or "Tyson"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby files its Reply to Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue (D.E. 16)[1] and states the following:

## ARGUMENT

**A. Defendant's Motion to Dismiss Was Timely Filed and Properly States the Grounds for Dismissal.**

Under Rule 81(c) of the Federal Rules of Civil Procedure, where a defendant does not file an answer before removal, the defendant must file an answer or otherwise respond to the complaint: "(A) 21 days after receiving … a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7

---

[1] Plaintiffs failed to address Defendant's alternative motion that if any of Plaintiffs' claims remain after resolution of the Motion to Dismiss, the Court should transfer those claims to the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. § 1404. (D.E. 16).

1

days after the notice of removal is filed." FRCP 81(c)(2). As reflected on the docket, the Notice of Removal (D.E. 1) was filed on November 22, 2023. On November 29, 2023, in compliance with Rule 81(c), Defendant filed its Motion to Dismiss, or in the Alternative, Transfer Venue (and Memorandum in Support with Exhibits). (D.E. 6). On November 30, 2023, an administrative notice was issued, directing Defendant to file the Memorandum in Support with exhibits separately from the Motion. (D.E. 7). Pursuant to the administrative notice, Defendant refiled the Memorandum in Support (with exhibits) separately on the same day. (D.E. 9).

Defendant timely filed the Motion and Memorandum on November 29, 2023 and that is the date of filing pursuant to Rule 8 of the Eastern District of Tennessee's ECF Policies and Procedures, which states, in part: "Electronic transmission of a document to the Electronic Filing System, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes under the Federal Rules of Civil and Criminal Procedure and the local rules of this Court…[A]n electronically filed document is deemed filed as of the date and time stated in the Notice of Electronic Filing generated by the Electronic Filing System." The fact that the Clerk on November 30 requested that the memorandum and exhibits filed with the Motion to Dismiss on November 29, be refiled separately did not change the date of original filing. Defendant complied with the administrative notice to refile the memorandum and exhibits separately the day the notice was received. Further, under Federal Rule of Civil Procedure 5(d)(4), "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."

In response to Plaintiffs' argument that Defendant's Motion failed to comply with the "state with particularity" requirement, Defendant's Motion seeks dismissal pursuant to Rule 12(b)(6) and provides specific grounds for dismissal. (D.E. 6, at pp. 1-3). While the introductory sentence in Defendant's Memorandum in Support inadvertently cites 12(b)(2) and (3) instead of 12(b)(6) (D.E.

2

9, at p. 1), the Memorandum lays out the legal standard governing Rule 12(b)(6) motions to dismiss (D.E. 9, at pp. 4-5) and includes detailed arguments for each ground for dismissal as identified in the Motion to Dismiss (D.E. 9, at pp. 5-12).

Therefore, Plaintiffs' arguments that Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue was untimely and fails to state with particularity the grounds for dismissal are without merit.

B.     The First-to-File Doctrine Merits Dismissal of Plaintiffs' Claims.

In their Response, Plaintiffs recite the date they filed their action in the Chancery Court of Coffee County and the date Defendant removed the action to the Eastern District of Tennessee and make the conclusory statement that the application of the first-to-file doctrine is not appropriate because the action sought to be dismissed was initially filed in a state court. (D.E. 16, at pp. 7-8). However, Plaintiffs ignore the fact that the first-filed state court lawsuits were filed in October 2021 in the Chancery Court of Dyer County, Tennessee (D.E. 9-1, at pp. 12-58; 253-75). "A first-filed state court proceeding, even if it is later removed to federal court, is considered the initial action under the first to file rule." *Nat. Essentials, Inc. v. Olympia Sports Co.*, 5:21-CV-0823 (N.D. Ohio Apr. 22, 2022) (citing *Aluminum Banking Co. v. Callery/Conway/Mars HV, Inc.*, No. CIV. 06-12038, 2006 WL 2193007 at *3 (E.D. Mich. Aug. 2, 2006)) (dismissing action where suit was brought in Pennsylvania state court prior to underlying action irrespective of the date of removal to Western District of Pennsylvania); *Feinstein v. Brown*, 304 F. Supp. 2d 279, 283 (D.R.I. 2004) ("The action filed by Plaintiffs in state court and subsequently removed to this Court is first-filed"); *Manufacturers Hanover Tr. Co. v. Palmer Corp.*, 798 F. Supp. 161, 168 (S.D.N.Y. 1992).

The Plaintiffs' original complaints filed in the Chancery Court of Dyer County, Tennessee, that were removed to the Western District of Tennessee, and the Amended Complaints filed by

Plaintiffs in the Western District of Tennessee, were filed in October and November 2021, respectively (D.E. 9-1, at pp. 12-58; 76-145; 253-75; 323-93). Plaintiffs therefore filed complaints roughly <u>two years</u> before the present case was filed, and those filings have or could have resolved all the issues between Plaintiffs and Tyson. Thus, the chronology of the two actions favors applying the first-to-file rule to the present case. Moreover, Plaintiffs failed to offer argument that the other two requirements of the first-to-file rule, the similarity of the parties involved, and the similarity of the issues or claims at stake, are not met in the present case. (D.E. 19, pp. 7-8). Therefore, the Court should apply the first-to-file rule and dismiss Plaintiffs' Complaint.

### C. Res Judicata Provides a Basis To Dismiss Plaintiffs' Claims.

Plaintiffs argue that res judicata should not bar the present case because the District Court in the Western District of Tennessee dismissed their Title VII and ADA claims without prejudice and later denied their Motion for Leave to File an Amended Complaint to add the Title VII and ADA claims (D.E. 16, at pp. 5-6).[2] In denying Plaintiffs' Second Motion for Leave to File Amended Complaint, the District Court ruled that "Plaintiffs ha[d] not established (or even argued) good cause or shown excusable neglect for filing their motion to amend outside the deadline set in the scheduling order." (D.E. 9-1, at p. 241). Here, it is not unfair to give res judicata effect to the District Court's decision, since Plaintiffs had the opportunity to seek to amend their Complaint during the time afforded in the Scheduling Order or seek to extend the deadline by filing a motion with the Court. (D.E. 9-1, at pp. 238-41). In essence, Plaintiffs impermissibly seek to split their claims by filing a second lawsuit based on the denial of their untimely Motion to Amend. *Cf. McMillan v. Fulton County*, No. 1:07-CV-2073-JTC-JFK, 2008 WL 11320047 at *6 (N.D. Ga. Feb. 15, 2008) (granting motion to dismiss second lawsuit which included claims that plaintiff unsuccessfully attempted to

---

[2] Plaintiffs offer no argument on why their state law claims are not subject to dismissal on the ground of res judicata.

add in a first lawsuit through a motion to amend; stating "[p]laintiff McMillan should not be allowed to accomplish indirectly, that is, filing a new cause of action asserting the claims not brought in a timely manner in the first case, what this court did not allow her to do directly, that is, amend her complaint to add the same causes of action in the first case").

Therefore, this Court should dismiss Plaintiffs' Complaint.

D. **Plaintiffs' THRA and TDA Claims Are Time Barred.**

Plaintiffs argue that their THRA and TDA claims are not barred by the one-year statute of limitation because they did not dismiss their claims in the prior removed actions and did not initiate the present lawsuit in federal court. (D.E. 16, at p. 7). While Plaintiffs did not voluntarily dismiss their THRA and TDA claims in the prior cases, the District Court dismissed them with prejudice. (D.E. 9-1, at pp. 181-87; 423-29). Therefore, Plaintiffs' THRA and TDA claims in this second lawsuit (which accrued at the latest on November 1, 2021) (D.E. 1-1, at pp. 2-8), should be dismissed as untimely.

E. **Plaintiffs' Failure to Allege Exhaustion of Administrative Remedies in the Complaint is Grounds for Dismissal.**

Ironically, Plaintiffs' argument that Defendant's "contention that Plaintiffs' complaint fails to allege that the requisite administrative remedies were exhausted prior to filling their Title VII and ADA claims, reflects a failure to read the complaint closely enough" is undermined by the Complaint itself. (D.E.16, at p. 8). The paragraphs referenced by Plaintiffs (D.E. 1-1, at ¶¶ 8-11) only refer to "Plaintiff Reed" and state only that she "has received a notice of right to sue for the U.S. EEOC." *Id*. There is no allegation in the Complaint that **any** Plaintiff filed a timely Charge of Discrimination with the EEOC alleging violations of Title VII and the ADA.

It is well settled that as a prerequisite to bringing suit under Title VII or ADA, a claimant must exhaust his or her administrative remedies. *Grooms v. Walden Sec*., 3:21-cv-00363, 2022 WL

5

949842 at *3 (M.D. Tenn. Mar. 29, 2022). Exhausting administrative remedies and receiving a right-to-sue letter from the EEOC are "condition[s] precedent to bringing a suit." *Id*. (quoting *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th Cir. 1998)). A plaintiff who has failed to allege administrative exhaustion in the complaint has failed to state claim. *Grooms*, 2022 WL 949842 at *3 (citing *McGhee v. Disney Store*, 53 Fed. Appx. 751, 752 (6th Cir. 2002)). Here, Plaintiffs unquestionably failed to allege administrative exhaustion in their Complaint. Plaintiffs had the opportunity to file an amended complaint as a matter of right under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure but did not do so. Moreover, Plaintiffs previously had their Title VII and ADA claims dismissed for failure to exhaust administrative remedies in the Western District of Tennessee actions. (D.E. 9-1, at pp.164-66; 407-09). Therefore, since Plaintiffs have **again** failed to allege exhaustion of administrative remedies for their Title VII and ADA claims, their Title VII and ADA claims should be dismissed for failure to state a claim.

## CONCLUSION

For the above stated reasons, the Court should grant Tyson's Motion to Dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 6). In the alternative, Tyson requests that this Court transfer the case to the Western District of Tennessee, Eastern Division pursuant to 28 U.S.C. § 1404(a) as the transfer would be for the convenience of the parties and in the interest of justice.

This the 10th day of January 2024.

Respectfully submitted,

By: */s J. Gregory Grisham*
J. Gregory Grisham (TN BPR#013810)
Fisher & Phillips LLP
1715 Aaron Brenner Drive Suite 312
Memphis, Tennessee 38120
(901) 526-0431 – telephone
(901) 526-8183 – facsimile
ggrisham@fisherphillips.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of January 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and served on the followings persons:

Derek A. Jordan
The Law Firm, PLLC
111 NW Atlantic Street
Tullahoma, TN 37388
derek@thefirm.law

Robert E. Barnes
Lexis Anderson
Barnes Law
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
robertbarnes@barneslawllp.com
lexisanderson@barneslawllp.com

*Attorneys for Plaintiffs*

*/s J. Gregory Grisham*
J. Gregory Grisham